UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSH LAMAR HAYNES,<br><br>        Petitioner,<br>v.<br><br>RAMSEY COUNTY<br>DETENTION CENTER,<br><br>        Respondent. | Civil No. 12-1675 (SRN/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

In April 2012, Petitioner pled guilty to three criminal charges pending against him in the state district court for Ramsey County, Minnesota. Those charges were (1) "Refuse AC Test, 2nd Degree - Gross Misdemeanor," (2) "Drive While Impaired, 3rd Degree - Gross Misdemeanor," and (3) "No Valid Driver's License - Misdemeanor." Petitioner was given a 30-day sentence, and he was confined at the Ramsey County Detention Center when he

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

filed his current habeas corpus petition. (Petition, [Docket No. 1], pp. 1-2, §§ 1-6.)[2]

Petitioner's current habeas corpus petition presents only a single ground for relief, which, repeated verbatim and in its entirety, is as follows: "Double jeperdy [sic] cruel and unusal [sic] punishment defamation of character/libel." (Id. p. 5, § 12(a).) Petitioner acknowledges that he did not file a direct appeal after he was convicted, and he has not otherwise presented his current habeas corpus claim to any Minnesota state appellate court. (Id., p. 2, § 8; p. 6. § 12(b),(c).) Because Petitioner has not presented his current claim for relief to the state appellate courts, this action must be summarily dismissed.[3]

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state detainee unless he has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842

---

[2] The Court notes that Petitioner's 30-day sentence reportedly was imposed on April 18, 2012, (Petition, p. 1, § 2), but he apparently was still in jail when he filed his habeas petition on July 11, 2012. It is unclear why Petitioner was in jail almost 90 days after his sentence was imposed. It is possible that Petitioner did not begin serving his sentence as soon as it was imposed, or perhaps he returned to jail for some reason after completing his 30-day sentence. However, this is pure speculation, because Petitioner has made no effort to explain why he was still in jail almost 90 days after his 30-day sentence was imposed.

The Court also notes that Petitioner might no longer be in jail at this time. The Clerk's docket sheet indicates that some correspondence sent to Petitioner at the Ramsey County Detention Center was returned with a notation indicating that he had left that facility without providing a forwarding address. Petitioner has not notified the Clerk's Office of his new address, so his current whereabouts is unclear.

[3] Petitioner did not pay the $5.00 filing fee for this action as required by 28 U.S.C. § 1914(a). Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed, and addressing the fee issue would only delay the inevitable dismissal of this action.

(1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In this case, it is readily apparent that Petitioner has not previously raised his habeas corpus claim in the Minnesota state appellate courts. Indeed, it appears that Petitioner has never challenged the validity of his guilty plea in any state court proceeding. Therefore, Petitioner has not satisfied the exhaustion of state court remedies requirement.

It is unclear whether Petitioner might still be able to pursue a belated direct appeal, or whether there might be some other state court remedy still available to him – e.g., a motion to withdraw his guilty plea, or a post-conviction motion. Given this uncertainty, the Court finds that it would be preferable to have the Minnesota state courts, rather than the

federal district court, decide whether Petitioner's unexhausted claim for relief can still be heard and decided on the merits in the state courts. The Court will therefore recommend that the current petition be dismissed without prejudice, so that Petitioner can attempt to pursue his currently unexhausted claim in the Minnesota state courts. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[4] Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993); see also Nelson, supra.[5]

### III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a

---

[4] If the state courts were to reject Petitioner's presently unexhausted claim because of a state procedural rule, the claim would be procedurally defaulted, and it would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[5] If Petitioner pursues this option, it would behoove him to prepare a more cogent and comprehensive explanation of his claim. It is highly doubtful that any court – state or federal – could grant Petitioner any relief based on the bare claim presented in the current habeas corpus petition.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide this case differently than it has been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: August 8, 2012

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 22, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does

not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.